UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASHOKKUMAR PATEL,<br><br>Defendant | CRIMINAL No. 20-cr-40039-TSH |

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

The United States of America, though Assistant U.S. Attorney Danial E. Bennett, responds to Defendant Patel's motion to dismiss (ECF 42). In that motion, Defendant asserts that the indictment should be dismissed owing to purported flaws in the how the single count of contempt is charged. The Court should deny Defendant's motion for the reasons detailed below.

On June 28, 2017, this Court issued a criminal complaint and arrest warrant charging Defendant Patel with wire fraud, in violation of Title 18, United States Code, Section 1343, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, and money laundering, in violation of Title 18, United States Code, Section 1957. *See* 18-cr-40027-TSH (ECF No. 4). On June 30, 2017, Patel was arrested on the criminal complaint and arrest warrant, and had an initial appearance in the Northern District of Illinois on that same day. *See* 17-cr-00445 N.D. Ill. (ECF No. 7). Patel was released subject to a Court order setting conditions of release that included, *inter alia*, that his travel was restricted to the Northern District of Illinois and the District of Massachusetts. *Id.*

On July 7, 2017, this Court conducted an initial appearance for Patel in the District of Massachusetts. *See* 18-cr-40027 (ECF No. 10). The Court expressly adopted the previously issued Order Setting Conditions of Release, including the travel restriction imposed. *Id.* (ECF

Nos. 10 and 13). On August 21, 2017, the Court amended Patel's conditions of release to enlarge his travel restrictions to the Northern and Central Districts of Illinois, the Eastern District of Wisconsin and the Northern District of Indiana for employment purposes. *Id.* (ECF NO 18). After that time, there were limited instances where the Court has permitted Patel to travel outside of his travel restrictions for specifically limited duration and purpose.[1] *See id.* (ECF Nos. 26, 48, 57, 85, 91).

On June 26, 2019, Patel pleaded guilty to all charges of the indictment. *See id.* (ECF No. 73). On September 15, 2020, the district court sentenced Patel to 40 months' incarceration, followed by one year of supervised release. *See id.* (ECF Nos. 108 and 110). The district court ordered that Patel self-surrender to the facility designated by the Bureau of Prisons on or before November 3, 2020. *See id.* (ECF No.110). At the request of the Pre-Trial Services Department in the Northern District of Illinois, who had been supervising Patel during his pre-trial release, the pretrial supervision of his release conditions was terminated, although his remaining release conditions (including travel restrictions) were unchanged. *See id.* The Court further scheduled a restitution hearing for October 21, 2020. *See id.* at D. 112.

At approximately 10:45 p.m. Pacific Daylight Time (PDT) on October 15, 2020, the Canadian Border Service Agency ("CBSA") arrived at the Pacific Highway Port of Entry in Blaine, Washington and advised United States Customs and Border Protection ("CBP") that Patel was being transported back to the United States after having entered Canada without inspection at

---

1. On June 14, 2018, PATEL was indicted by a federal grand jury sitting in Worcester, Massachusetts. *See id.* at D. 28. That indictment alleged the same criminal offenses previously charged by complaint.

approximately 8:30 p.m. PDT at an approximate location of Zero Avenue and Mount Lehman Road in Canada.



(Blaine, Washington (in WDWA) is the red dot on this Google map, for ease of reference)

According to internet research performed by the FBI agent who served as affiant on the criminal complaint affidavit for this case, (ECF No. 1, ¶ 15), "Zero Avenue is the northern-most road running in the east-west direction in the United States, and Mount Lehman Road runs in a north-south direction in Canada. In between the two areas on a google map search, it appears that there are agricultural fields. It also appears from the google map search that Abbotsford International Airport is located in Canada approximately 1 mile from Zero Avenue in Washington." ECF No. 1, ¶ 15. According to CBP, Patel was encountered by the Royal Canadian

Mounted Police ("RCMP") jumping a ditch in an area of blueberry fields and turned over to CBSA. According to CBP, there is a ditch between the Washington and Canadian border in the area where Patel was encountered. He had $2,000 in U.S. currency and two cell phones on his person when he was apprehended. He did not possess any luggage or duffle bags.

In his indictment, Patel is charged with contempt, in violation of Title 18, United States Code, Section 401(3). Federal Rule of Criminal Procedure 7(c)(1) sets out what is required for an indictment. Consistent with Rule 7(c)(1)'s requirements, the two-page, one-count indictment here is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R. Crim. P. 7(c)(1). For example, the indictment language tracks the portion of the conspiracy statute charged, which criminalizes "[d]isobedience or resistance to . . . lawful writ, process, order, rule, decree, or command" of a court of the United States. 18 U.S.C. § 401(3). The indictment sets out the alleged dates of the offense, the dates of the specific orders, and the criminal statute Patel is alleged to have violated by citation to the United States Code.

Defendant contends that it is unclear from the sentencing transcript if Patel was still under travel restrictions at the time he was apprehended at the US-Canada border area in the Western District of Washington/British Columbia, Canada. The government contends that is not so. Whether the government can produce sufficient evidence to satisfy the elements of the contempt count he is charged is a matter left for trial. Defendant will have the opportunity to make that claim the appropriate time. *See* Fed. R. Crim. P. 29. Accordingly, for the reasons stated above, the Court should deny Patel's motion to dismiss.

                                        Respectfully submitted,

                                        RACHAEL S. ROLLINS
                                        UNITED STATES ATTORNEY

                                 By: */s/ Danial E. Bennett*
                                        Danial E. Bennett
                                        Assistant United States Attorney
                                        595 Main Street
                                        Worcester, Massachusetts 01608

Date:  June 10, 2022

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                        */s/ Danial E. Bennett*
                                        Danial E. Bennett
                                        Assistant U.S. Attorney

Date: June 10, 2022